**Emma L. HORTON, Individually and on behalf of all others similarly situated**

v.

**Richard L. ROUDEBUSH, in his capacity as Administrator of Veterans' Affairs.**

**No. C74–1566A.**

United States District Court, N. D. Georgia, Atlanta Division.

Feb. 29, 1976.

---

Myron N. Kramer, David A. Webster, Robert N. Dokson, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U. S. Atty., N. D. Ga., J. Robert Cooper, Jr., Asst. U. S. Atty., N. D. Ga., Atlanta, Ga., V. B. Terlep, U. S. Atty. Gen., Litigation Section, Washington, D. C., for defendant.

Before BELL, Circuit Judge, and MOYE and HILL, District Judges.

## ORDER

PER CURIAM:

This is an uncertified class action complaint challenging the constitutionality of 38 U.S.C. § 101(4) and a Veterans Administration regulation, 38 C.F.R. § 3.57. The challenged statute and regulation define "child" for the purposes of veterans pension available to widows and children of veterans under 38 U.S.C. § 541.

Plaintiff claims that the statute and regulation violate plaintiff's right to equal protection of the laws in that they discriminate between children adopted within and without the two-year period following a veteran's death. Plaintiff also claims that the statute and regulation violate her right to due process of law in that they establish a conclusive presumption of unsuitability for inclusion of an adopted child in a widow's pension based upon her failure to adopt the child within two years after the veteran's death.

Plaintiff seeks declaratory and injunctive relief against the continued use by defendant of those portions of the statute and regulation which exclude the plaintiff's daughter from her grant because the daughter was not legally adopted within two years after the veteran's death.

On September 30, 1934, plaintiff Emma Horton was married to J. S. Horton, a veteran. On December 2, 1960, plaintiff's grand niece, Victoria Ann, was born. Emma Horton and her husband assumed responsibility for the support and upbringing of Victoria Ann. The child has lived with plaintiff since birth and was living with plaintiff on March 7, 1961, when Mr. J. S. Horton died. Emma Horton did not legally adopt Victoria Ann until February 25, 1970, when a final adoption order was entered in the Superior Court of Fulton County. Emma Horton delayed adopting Victoria Ann for nine years after her husband's death because she believed Victoria Ann's natural mother might still return and assume support of the child. Emma Horton has received a Veterans Administration widow's pension since 1962. Her adopted daughter, Victoria Ann, has never been included in her grant calculation.

However, the parties submitted the following additional facts for consideration by this Court in their supplemental briefs filed after the hearing in this case on November 18, 1975:

On September 25, 1962, the plaintiff obtained an order from the Juvenile Court of Fulton County, Georgia, which granted to the plaintiff legal custody of the child in question. This custody order occurred within two years from the date of the veteran's death, March 7, 1961.

Plaintiff now argues, in the alternative, that this custody order is tantamount to an "interlocutory decree of adoption within two years," which comports with the statutory requirements of 38 U.S.C. § 101(4).

The plaintiff first presented her claim for veteran's benefits for the child to the Veterans Administration on November 19, 1969. On December 4, 1970, the Veterans Administration informed the plaintiff that her claim for additional benefits for the child had been disallowed because her adoption of the child had not occurred within two years of the death of the veteran as required by Veterans Administration regulations. Plaintiff has never presented to the Veterans Administration the issue of whether the "custody order" entered September 25, 1962, constituted an "interlocutory de-

cree of adoption" or "agreement" under the applicable statute and regulations. Plaintiff never appealed the December 4, 1970, denial by the Veterans Administration of her request for additional benefits, nor sought to reopen the case.

■ The plaintiff has convened a district court of three judges pursuant to 28 U.S.C. §§ 2282, 2284 to decide a constitutional attack on 38 U.S.C. § 101(4) and the regulation thereunder. 38 C.F.R. § 3.57(c). Yet the record reveals that plaintiff has failed to exhaust her administrative remedies before the Veterans Administration in bringing her claim that the "custody order" issued September 25, 1962, comports substantially with the statutory requirements of the Veterans Act and therefore, that plaintiff should receive additional benefits for the support of the child in question. This is purely a statutory question for which a three-judge district court is not required. Moreover, the plaintiff has failed to exhaust her administrative remedies. Thus it is untimely for this three-judge court to consider as yet unripe constitutional issues. *Johns v. Baltimore & O. R. Co.,* 118 F.Supp. 317 (D.C. Ill.1954) (three-judge court), *aff'd,* 347 U.S. 964, 74 S.Ct. 776, 98 L.Ed. 1107 (1954).

■ The Court notes that plaintiff may bring a new claim before the Veterans Administration under 38 U.S.C. § 3001 as a "claim reopened after final adjudication" [see 38 U.S.C. § 3010(a) (Pocket Part) and 38 C.F.R. §§ 3.103–3.-105, §§ 33.150–3.160.]. Plaintiff must exhaust this avenue of administrative redress for her claim that the September 25, 1962, custody order comports with the requirements of 38 U.S.C. § 101(4) and 38 C.F.R. § 3.57(c) before raising constitutional questions before this Court. *Johns v. Baltimore & O. R. Co., supra.*

The case therefore is DISMISSED for plaintiff's failure to exhaust her administrative remedies. No timely substantial constitutional questions are herein presented.